```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

ANNETTE WILLIAMS,             )
     Plaintiff                )
                              )
           v.                 )   C.A. No. 15-13943-MLW
                              )
TOYS "R" US - DELAWARE, INC., )
     Defendant.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 28, 2016

I.   INTRODUCTION

Plaintiff Annette Williams brought this case against her former employer, Toys "R" Us - Delaware Inc., in the Bristol County Superior Court for the Commonwealth of Massachusetts. Toys "R" Us timely removed the case to federal court on the basis of diversity jurisdiction. Williams now seeks to remand, arguing that the amount in controversy requirement is not met. For the reasons explained below, Williams' motion to remand is being denied.

II.  LEGAL STANDARD

United States district courts have jurisdiction over civil actions arising under state law "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). For purposes of jurisdiction under §1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Id. §1446(c)(2). If, however,

the plaintiff's cause of action "permits recovery of damages in excess of the amount demanded," the defendant may assert an amount in controversy in its notice of removal. Id. §1446(c)(2)(A)(2). In such circumstances, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Id. §1446(c)(2)(B). As the Supreme Court has explained:

> This provision, added to §1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). The amount in controversy is calculated based on "the state of the complaint at the time of removal." Magerer v. John Sexton & Co., 912 F.2d 525, 529 (1st Cir. 1990).

III. DISCUSSION

Williams alleges that, beginning in January 2014 and continuing through her resignation on June 24, 2014, Toy "R" Us discriminated against her in violation of Massachusetts General Laws Chapter 151B ("Section 151B"). See Complaint ¶¶32-26. She seeks actual damages, punitive damages, and costs. See id. Williams' complaint does not demand a specific amount in damages. However, the civil cover sheet attached to the complaint alleges

2

"$40,000+" in "lost wages and compensation to date" and "$20,000+" in "reasonably anticipated lost wages." Docket No. 1-3. Williams argues that the cover sheet establishes the amount in controversy as approximately $60,000.

As Judge Timothy Hillman recently observed, "civil cover sheets are inherently imprecise, and the extent of a civil cover sheet's role in determining the amount in controversy is not settled in this Circuit." Toro v. CSX Intermodal Terminals, Inc., --- F. Supp. 3d ---, 2016 WL 4212238, at *4 (D. Mass. Aug. 9, 2016). Courts in this district and elsewhere have held that although a civil cover sheet may provide evidence of the amount in controversy, it is "not in itself dispositive." Laughlin Kennel Co. v. Gatehouse Media Inc., --- F.3d ---, 2016 WL 4445740, at *2 (D. Mass. Aug. 22, 2016); Holladay v. Kone, Inc., 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009); Valley v. State Farm Fire & Cas. Co., 504 F. Supp. 2d 1, 6 (E.D. Pa. 2006). Other courts have reasoned that a civil cover sheet "is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." Magdaleno v. L.B. Foster Co., No. CIV.A. 06-CV-01882MS, 2008 WL 496314, at *6 (D. Colo. Feb. 19, 2008).

This court agrees, at least in the instant case, where the civil cover sheet lists total damages of "$60,000+," meaning $60,000 or more. Merely stating the low end of a range of damages

3

does not establish the amount in controversy. Therefore, the court must weigh the proof submitted by both sides and decide, by a preponderance of evidence, whether the amount in controversy requirement is met. See Dart Cherokee, 135 S. Ct. at 554.

The court begins with the governing state law. See Stewart v. Tupperware Corp., 356 F.3d 335, 339 (1st Cir. 2004). Chapter 151B permits recovery of actual and punitive damages. See M.G.L. c. 151B, §9. In wrongful termination cases, actual damages include back pay, which "compensates a plaintiff for lost wages up to the time of the trial court judgment," and front pay, which "is awarded for lost salary during the period between judgment and reinstatement, or in lieu of reinstatement." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 141 n.29 (1st Cir. 2009). Chapter 151B allows up to treble damages "if the court finds that the act or practice complained of was committed with knowledge, or reason to know, that such act or practice violated [the statute]." M.G.L. c. 151B, §9. It also allows recovery of reasonable attorney's fees. See id. Both the damage multiplier and the attorney's fees must be included in the amount in controversy if applicable. See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001); Huston v. FLS Language Centres, 18 F. Supp. 3d 17, 22 (D. Mass. 2014).

Next, the court must calculate the damages supported by the complaint at the time of removal. See Magerer, 912 F.2d at 529. As a court in the District of New Hampshire has explained:

4

> Though the amount in controversy in a case removed to federal court depends on the circumstances existing at the time of removal, see [Magerer, 912 F.2d at 529], the calculation includes monies not yet due the plaintiff at that point—so long as the "judgment will clearly and finally create an obligation to pay, over a number of years, a sum in excess of the jurisdictional amount, even though future events may alter or cut off the defendant's obligation." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3702, at 87 (3d ed.1998). The amount in controversy in a wrongful discharge suit, then, includes what the plaintiff would have earned but for the termination of his employment, even if those sums had not yet become due at the time of removal. See Hardemon v. City of Boston, 144 F.3d 24, 26-27 (1st Cir. 1998); see also White v. FCI USA, Inc., 319 F.3d 672, 675-76 (5th Cir. 2003).

Lowe v. Sears Holding Corp., 545 F. Supp. 2d 195, 196 (D.N.H. 2008). This court has used this approach in the past. See Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 102 (D. Mass. 2013); Arrigo v. Scholarship Storage, Inc., No. CA 10-11650-MLW, 2011 WL 3584715, at *5 (D. Mass. Aug. 10, 2011). It continues to view it as correct. Therefore, the court is calculating the amount in controversy based on Williams' estimated recovery if she were now to prevail on her claims as they stood at the time of removal.

Toys "R" Us has submitted an affidavit stating that at the time of Williams' resignation on June 24, 2014, her salary was $54,800 per year. See Drywa Aff. (Docket No. 8-1) ¶5. Williams' motion to remand, filed on December 23, 2015, does not provide any evidence that she had found new employment or otherwise mitigated her damages. Accordingly, the court finds by a preponderance of

5

evidence that if judgment were to enter in Williams' favor, Toys "R" Us would be liable for back pay in the full amount of her salary from June 24, 2014, to at least December 23, 2015. That alone would be $82,200. Williams also seeks punitive damages and attorney's fees. <u>See</u> Complaint at 5. Therefore, the amount in controversy exceeds $75,000 and removal was proper.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Williams' Motion to Remand (Docket No. 7) is DENIED.

2. This case is REFERRED to the Magistrate Judge for all pre-trial purposes.

　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE